United States District Court
Southern District of Texas
**ENTERED**
July 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASCEND PERFORMANCE MATERIALS OPERATIONS LLC, | § § § § § | CIVIL ACTION NO 4:22-cv-03932 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| MASTEC POWER CORPORATION, | § § § | |
| Defendant. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion by Defendant MasTec Power Corporation to dismiss the fraud claim by Plaintiff Ascend Performance Materials is granted. Dkt 56.

1. Background

The allegations by Ascend are as follows.

Ascend and MasTec entered into a contract in December 2019 under which MasTec was to design, engineer, and construct an industrial facility for Ascend. Dkt 54 at ¶¶1, 6. The contract set out a schedule and required that substantial completion of the project occur no later than October 1, 2021, with final completion to occur 150 days later. Id at ¶7.

Ascend alleges that MasTec failed to perform under the contract in various ways. This includes allegation that MasTec (i) installed a defective water treatment system that will cause an excess of $75 million during the thirty-year life of the project, (ii) failed to achieve substantial

completion by the required date, causing delay of 81 days, and (iii) failed benchmark performance requirements for the facility. Dkt 54 at ¶¶10–24. Ascend also says that MasTec signed claim waivers as to any liens and causes of action related to the project, in exchange for Ascend's monthly invoice payments. But, despite signing such waivers, MasTec filed a multi-million-dollar lien "just weeks after" and sued in Texas and Alabama state courts based on claims it had waived. Id at ¶¶25–32.

Ascend filed this lawsuit in November 2022, asserting claims for breach of contract, negligence, fraud, negligent misrepresentation, and tortious interference. Dkt 1. MasTec moved to dismiss for failure to state a claim or for more definite statement. Dkt 9. Ascend filed a first amended complaint, mooting the motion. See Dkts 14 (first amended complaint) & 16 (withdrawal of motion to dismiss). MasTec again moved to dismiss and for more definite statement. Dkt 17. The motion for more definite statement was granted. Dkt 46. Ascend then filed a second amended complaint in July 2023. Dkt 54.

Pending is a motion by MasTec to dismiss the fraud claim. Dkt 56. Ascend has since filed a third amended complaint. See Dkts 77 (order granting leave to amend) & 80 (third amended complaint). But the parties agree that the fraud claim is identical in the second and third amended complaints, meaning that the motion to dismiss applies with equal force to the fraud claim pleaded in the third amended complaint and may be addressed as such. See Dkt 68 at 17.

    2.  Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court holds that Rule 8 "does not require 'detailed factual allegations,' but it

2

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 557.

For claims sounding in fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires parties to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Fifth Circuit holds, "Pleading fraud with particularity . . . requires 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v WMX Technologies, Inc*, 112 F3d 175, 177 (5th Cir 1997) (citations omitted).

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019) (citation omitted). But courts don't accept as true what are simply conclusory allegations, unwarranted factual inferences, or

3

legal conclusions. See *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citation omitted).

    3.   Analysis

MasTec argues that the fraud claim should be dismissed because Ascend fails to adequately state a claim. This is so, it says, because (i) Ascend's claims are barred by the economic loss rule, (ii) Ascend hasn't alleged that it was induced to take action beyond what was required under the contract, (iii) Ascend hasn't alleged that MasTec had no intent to perform, and (iv) the alleged misrepresentations aren't actionable. See Dkt 56 at 9–10. Only the third argument will be addressed, with the motion granted on the basis.

Under Texas law, a promise of future performance is actionable fraud "if the promise was made with no intention of performing at the time it was made." *Formosa Plastics Corp USA v Presidio Engineers and Contractors*, 960 SW2d 41, 48 (Tex 1998). With citation to controlling precedent by the Texas Supreme Court, the Fifth Circuit holds that "mere failure to perform contractual obligations as promised does not constitute fraud but is instead breach of contract. . . . To be actionable as fraudulent inducement, a breach must be coupled with a showing that the promisor never intended to perform under the contract." *Kevin M. Ehringer Enterprises, Inc v McData Services Corp*, 646 F3d 321, 325 (5th Cir 2011), citing *Spoljaric v Percival Tours, Inc*, 708 SW2d 432, 434–35 (Tex 1986), and *Tony Gullo Motors I, LP v Chapa*, 212 SW3d 299, 306 (Tex 2006).

"Failure to perform, standing alone, is no evidence of the promisor's intent not to perform when the promise was made, but a circumstance to be considered with other facts to establish intent." *Bank One, Texas, NA v Stewart*, 967 SW2d 419, 444 (Tex App—Houston [14th Dist] 1998, pet denied). Evidence of partial performance can negate assertion that there was no intention to perform. *IKON Office Solutions, Inc v Eifert*, 125 SW3d 113, 124 (Tex

4

App—Houston [14th Dist] 2003, pet denied); see also *Bank One*, 967 SW2d at 445–46 (finding no evidence to support that defendants lacked intent to perform because they had initially performed the contract); *Shandong Yinguang Chemical Industries Joint Stock Co, Ltd v Potter*, 607 F3d 1029, 1034–35 (5th Cir 2010) (noting partial performance points away from inference that defendant did not intend to perform). Such evidence of partial performance doesn't necessarily *preclude* a fraud claim. See *Mobius Risk Group, LLC v Global Clean Energy Holdings, Inc*, 2012 WL 527939, *5 (SD Tex). But while a showing of "'[s]light circumstantial evidence' of fraud" may be sufficient "to support a finding of fraudulent intent" where there is partial performance, the circumstantial evidence as a whole must "transcend mere suspicion" that the defendant lacked intent. *Shandong Yinguang*, 607 F3d at 1033–35, quoting *Spoljaric*, 708 SW2d at 435 and *IKON Office Solutions*, 125 SW3d at 124.

Ascend acknowledges that MasTec partially performed its obligations under the contract. Dkts 54 at ¶56 & 62 at 22. For example, subheading (B) of the second amended complaint details "MasTec's (inadequate) performance" of the contract. Dkt 54 at 6. The complaint also alleges that MasTec did, in fact, "design[ ] and install[ ] the water treatment system" as part of its scope of work under the contract. Id at ¶10. And it admits that MasTec completed "the final steam connection" such that the contracted-for facility "was capable of delivering steam and electricity," allowing final commissioning and performance testing to begin. Id at ¶17. True, Ascend alleges that the facility didn't *fully* meet the performance requirements in the contract. But Ascend doesn't contest that there was at least *partial* performance by MasTec. See id at ¶24 (acknowledging that "actual performance" of the facility has occurred). As such, these allegations of partial performance negate any inference that MasTec didn't intend to perform.

To be sure, there are some allegations that Ascend argues are sufficient to support an inference that MasTec

didn't intend to perform. See Dkt 54 at 22. For example, it alleges (i) "MasTec was financially motivated to trick Ascend into relying on its schedule representations," and (ii) "MasTec knew it had no intention of waiving its lien and causes of action against Ascend." Id at ¶¶ 44, 49. But these both simply speculate about intent. See *US ex rel Thompson v Columbia/HCA Healthcare Corp*, 125 F3d 899 (5th Cir 1997) (allegations amounting to nothing more than speculation fail to satisfy Rule 9(b)). Such allegations are also entirely conclusory and, as such, aren't sufficient to overcome the conceded fact that MasTec did partially perform under the contract. See *Shandong Yinguang*, 607 F3d at 1034 (finding conclusory statement that defendant "funneled money" insufficient to allege no intent to perform); *People's Capital and Leasing Corp v Byrd Rankin, LLC*, 2015 WL 2451186 (ND Tex) (finding conclusory allegations of intent insufficient to state claim for fraudulent inducement); cf *West African Ventures Limited v Fleming*, 634 F Supp 391, 401 (SD Tex 2022) (finding plaintiffs created reasonable inference of no intent to perform where they alleged that defendants knew that they were "grossly undercapitalized" at the time they promised to pay). Were the rule otherwise, mere speculation and conclusory allegations about intent would always overcome what is a very clear bar under Texas law as to fraud claims alleged in a contractual context based on a promise of future performance, especially where there is evidence of partial performance.

No other facts or details are alleged to create an inference that MasTec didn't intend to perform under the contract when it was made. Given the heightened pleading requirements of Rule 9(b), the lack of any details that corroborate allegation of a fraudulent scheme, and the fact that MasTec initially performed its obligations under the contract, Ascend's allegations as a whole don't plausibly plead an intention not to perform. See *Shandong Yinguang*, 607 F3d at 1034–35.

6

As such, Ascend hasn't sufficiently stated a claim for fraud under Texas law. The motion to dismiss will be granted on this basis.

### 4. Potential for repleading

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (quotation marks and citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012). It "may be denied when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020).

When Ascend was ordered to provide a more definite statement, it was admonished that "this will likely be its last and final chance to amend its complaint." Dkt 46. And, as determined above, it failed to cure previous amendment by making no specific and concrete allegations. As such, leave to replead to correct the above-stated deficiencies is denied as futile and due to repeated failure to cure previous amendments.

### 5. Conclusion

The motion by Defendant MasTec Power Corporation to dismiss is GRANTED. Dkt 56.

The claim by Plaintiff Ascend Performance Materials Operations LLC for fraud is DISMISSED WITH PREJUDICE.

7

SO ORDERED.

Signed on July 22, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge