**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ASCEND PERFORMANCE | § | |
| MATERIALS OPERATIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:22-CV-03932 |
| v. | § | |
| | § | |
| MASTEC INDUSTRIAL CORP. fka | § | |
| MASTEC POWER CORP., | § | |
| *Defendant.* | § | |

**MASTEC INDUSTRIAL CORP.'S ORIGINAL ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

In response to the Third Amended Complaint filed by Ascend Performance Materials Operations LLC ("Ascend") on May 2, 2024 (the "Complaint") [ECF No. 80], MasTec Industrial Corp. fka MasTec Power Corp. ("MasTec") files this Original Answer, Affirmative Defenses, and Counterclaims, and respectfully shows as follows:

**ANSWER**

All of the Complaint's headings, subheadings, and similar non-numbered statements are denied in their entirety and anything not specifically admitted is hereby denied. With respect to the Complaint's numbered paragraphs (inclusive of footnotes referenced in each such paragraph), MasTec answers as follows:

**I.**
**ANSWER TO NATURE AND SUMMARY OF COMPLAINT**

1.      The allegations of paragraph 1 of the Complaint reference a written document, which is evidence of its contents; MasTec denies the allegations of paragraph 1 of the Complaint to the extent that the allegations contradict the contents of that written document as the document speaks for itself. MasTec denies the

1

remaining allegations in paragraph 1 of the Complaint.

## II.
## ANSWER TO THE PARTIES

2.      MasTec lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.      MasTec admits that it is a corporation that is incorporated in Florida. MasTec's principal place of business is Coral Gables, Florida. MasTec denies the remaining allegations in Paragraph 3 of the Complaint.

## III.
## ANSWER TO JURISDICTION AND VENUE

4.      Defendant admits that this Court has subject matter jurisdiction.

5.      Defendant admits that venue is proper in the Southern District of Texas.

## IV.
## ANSWER TO FACTUAL BACKGROUND

**A.**

6.      The allegations of paragraph 6 of the Complaint reference a written document, which is evidence of its contents and speaks for itself; MasTec denies the allegations of paragraph 6 of the Complaint to the extent that the allegations contradict the contents of that written document.

7.      The allegations of paragraph 7 of the Complaint reference a written document, which is evidence of its contents; MasTec denies the allegations of paragraph 7 of the Complaint to the extent that the allegations contradict the contents of that written document as the document speaks for itself.

2

8.     The allegations of paragraph 8 of the Complaint reference a written document, which is evidence of its contents; MasTec denies the allegations of paragraph 8 of the Complaint to the extent that the allegations contradict the contents of that written document as the document speaks for itself.

9.     The allegations of paragraph 9 of the Complaint reference a written document, which is evidence of its contents; MasTec denies the allegations of paragraph 9 of the Complaint to the extent that the allegations contradict the contents of that written document as the document speaks for itself.

**B.**

10.     MasTec admits the first and third sentences of paragraph 10 of the Complaint. MasTec does not have sufficient information to admit or deny the second sentence of paragraph 10 of the Complaint and so generally denies. The allegations of footnote 7 of the Complaint reference a written document, which is evidence of its contents; MasTec denies the allegations of footnote 7 of the Complaint to the extent that the allegations contradict the contents of that written document as the document speaks for itself.

11.     MasTec does not have sufficient information to know what and when Ascend learned about the capital and maintenance costs associated with single-pass and two-pass water systems and so generally denies the allegations in paragraph 11 of the Complaint. MasTec denies the remaining allegations in paragraph 11 of the Complaint.

12.     MasTec denies the allegations in paragraph 12 of the Complaint.

13.     The allegations of paragraph 13 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 13 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speaks for themselves. MasTec denies the remaining allegations in paragraph 13 of the Complaint.

14.     The allegations of paragraph 14 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 14 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec denies the remaining allegations in paragraph 14 of the Complaint.

15.     MasTec admits it reassigned a full-time construction manager to another MasTec project. MasTec denies the remaining allegations in paragraph 15 of the Complaint.

16.     The allegations of paragraph 16 of the Complaint reference written documents, which are evidence of their contents and speaks for themselves; MasTec denies the allegations of paragraph 16 of the Complaint to the extent that the allegations contradict the contents of those written documents. MasTec denies the remaining allegations in paragraph 16 of the Complaint.

17.     MasTec denies the first sentence of paragraph 17 of the Complaint. MasTec denies that commissioning and testing first began on or after December 6, 2021; MasTec admits the remaining portion of the second sentence of paragraph 17 of the Complaint. MasTec admits the third sentence of paragraph 17 of the Complaint. MasTec does not have sufficient information to admit or deny the fourth

4

sentence of paragraph 17 of the Complaint and denies the same. MasTec denies the fifth sentence of paragraph 17 of the Complaint. MasTec denies that any production was unexpected but admits the remainder of the sixth sentence of paragraph 17 of the Complaint. MasTec admits that the units, for a time, experienced pulsation unloads; MasTec denies the remainder of the seventh sentence of paragraph 17 of the Complaint. MasTec denies the eighth sentence of paragraph 17 of the Complaint.

18.     MasTec denies the allegations in paragraph 18 of the Complaint.

19.     The allegations of paragraph 19 of the Complaint appear to reference a representation made in a written document, which would be evidence of its contents; MasTec denies the allegations of paragraph 19 of the Complaint to the extent that the allegations contradict the contents of that written document which speaks for itself. MasTec admits that Ascend agreed to the commencement of availability testing. MasTec denies the remaining allegations in paragraph 19 of the Complaint.

20.     The allegations of paragraph 20 of the Complaint reference requirements and agreements stated in written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 20 of the Complaint to the extent that the allegations contradict the contents of those written documents which speak for themselves. MasTec denies the remaining allegations in paragraph 20 of the Complaint.

21.     The allegations of paragraph 21 of the Complaint reference testing procedures and logs that are stated in written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 21 of the Complaint to the extent that the allegations contradict the contents of those written documents which

5

speaks for themselves. MasTec denies the remaining allegations in paragraph 21 of the Complaint.

22.    The allegations of paragraph 22 of the Complaint reference testing procedures that are stated in written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 22 of the Complaint to the extent that the allegations contradict the contents of those written documents which speak for themselves.

23.    MasTec denies the allegations in paragraph 23 of the Complaint.

24.    MasTec denies the allegations in paragraph 24 of the Complaint.

25.    MasTec admits that Ascend is making the allegations stated in paragraph 25 of the Complaint but denies the substance of such allegations.

26.    The allegations of paragraph 26 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 26 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec denies the remaining allegations in paragraph 26 of the Complaint.

27.    MasTec does not have sufficient information to admit or deny the allegations in the second sentence of paragraph 27 of the Complaint and denies same. MasTec denies the remaining allegations in paragraph 27 of the Complaint.

28.    The allegations of paragraph 28 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 28 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec

6

admits that Ascend hired Integrity Electric to conduct electrical work. MasTec denies the remaining allegations in paragraph 28 of the Complaint.

29.     MasTec denies the allegations in paragraph 29 of the Complaint.

30.     The allegations of paragraph 30 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 30 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec admits that Integrity Electric did lighting work. MasTec denies the remaining allegations in paragraph 30 of the Complaint.

31.     MasTec denies the allegations in paragraph 31 of the Complaint.

32.     MasTec admits that Ascend informed MasTec about a hoist issue. MasTec denies the remaining allegations in paragraph 32 of the Complaint.

33.     MasTec admits that Ascend informed MasTec about an HVAC issue in the Plant's control room. MasTec denies the remaining allegations in paragraph 33 of the Complaint.

**C.**

34.     MasTec denies the allegations in paragraph 34 of the Complaint.

35.     The allegations of paragraph 35 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 35 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speaks for themselves.

36.     MasTec denies the allegations in paragraph 36 of the Complaint.

37.     The allegations of paragraph 37 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 37 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speaks for themselves. MasTec denies the remaining allegations in paragraph 37 of the Complaint.

38.     The allegations of paragraph 38 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 38 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves.

39.     The allegations of paragraph 39 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 39 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec denies the remaining allegations in paragraph 39 of the Complaint.

40.     MasTec denies the allegations in paragraph 40 of the Complaint.

41.     MasTec denies the allegations in paragraph 41 of the Complaint.

### V.
### ANSWER TO CAUSES OF ACTION

42.     Paragraph 42 of the Complaint does not contain factual allegations demanding an admission or denial.

### ANSWER TO COUNT I – BREACH OF CONTRACT

43.     Paragraph 43 of the Complaint does not contain factual allegations demanding an admission or denial. MasTec incorporates by reference the preceding

8

paragraphs of its Answer to the Complaint.

44.     MasTec admits the allegations in paragraph 44 of the Complaint; provided, however, that MasTec denies that the Interim Lien and Claim Waivers submitted in accordance with the EPC Contract are enforceable as stated.

45.     MasTec denies the allegations in paragraph 45 of the Complaint.

46.     MasTec denies the allegations in paragraph 46 of the Complaint.

47.     MasTec denies the allegations in paragraph 47 of the Complaint.

## ANSWER TO COUNT II – FRAUD (STRING ALONG)

48.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: Paragraph 48 of the Complaint does not contain factual allegations requiring an admission or denial. MasTec incorporates by reference the preceding paragraphs of its Answer to the Complaint.

49.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 49 of the Complaint.

50.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: The allegations of paragraph 50 of the

Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 50 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec admits that Ascend requested a recovery schedule. MasTec denies the remaining allegations in paragraph 50 of the Complaint.

51.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec admits that it employed a scheduler on-staff that understood and tracked the schedule, as did the MasTec project manager to whom the scheduler ultimately reported. MasTec denies the remaining allegations in paragraph 51 of the Complaint.

52.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 52 of the Complaint.

53.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 53 of the Complaint.

54.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: The allegations of paragraph 54 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 54 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec denies the remaining allegations in paragraph 54 of the Complaint.

55.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 55 of the Complaint.

56.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: The allegations of paragraph 56 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 56 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec admits that Ascend paid Invoice Nos. 5 through 26 and 29. MasTec does not have sufficient information to admit or deny whether Ascend has

11

a system in place to review waivers associated with invoices or whether Dale Borths would authorize payment without receiving confirmation of such waiver submittal. MasTec denies the remaining allegations in paragraph 56 of the Complaint.

57.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec admits that Ascend did not pay Invoice Nos. 30 or 31. MasTec denies the remaining allegations in paragraph 57 of the Complaint.

58.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: The allegations of paragraph 58 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 58 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for themselves. MasTec denies the remaining allegations in paragraph 58 of the Complaint.

59.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: The Parties' EPC Contract speaks for itself. MasTec denies the remaining allegations in paragraph 59 of the Complaint.

60.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 60 of the Complaint.

61.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 61 of the Complaint.

62.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 62 of the Complaint.

63.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 63 of the Complaint.

64.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim,

13

MasTec provides the following response: MasTec denies the allegations in paragraph 64 of the Complaint.

65.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec admits it built a co-generation facility in Decatur, Alabama. MasTec denies the remaining allegations in paragraph 65 of the Complaint.

66.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 66 of the Complaint.

67.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: Paragraph 67 of the Complaint does not contain any factual allegations to which an admission or denial is required. MasTec otherwise denies the allegations in paragraph 67 of the Complaint.

68.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph

68 of the Complaint.

69.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 69 of the Complaint.

70.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: The allegations of paragraph 70 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 70 of the Complaint to the extent that the allegations contradict the contents of those written documents. MasTec denies the remaining allegations in paragraph 70 of the Complaint.

71.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 71 of the Complaint.

72.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph

72 of the Complaint.

73.     The Court has dismissed this cause of action with prejudice. Dkt. 92. As such, MasTec will not answer this allegation. To the extent a response is required because the paragraph is incorporated in Ascend's negligent misrepresentation claim, MasTec provides the following response: MasTec denies the allegations in paragraph 73 of the Complaint.

### ANSWER TO COUNT III – NEGLIGENT MISREPRESENTATION

74.     Paragraph 74 of the Complaint does not contain factual allegations requiring an admission or denial. MasTec incorporates by reference the preceding paragraphs of its Answer to the Complaint.

75.     MasTec denies the allegations in paragraph 75 of the Complaint.

76.     MasTec denies the allegations in paragraph 76 of the Complaint.

77.     MasTec denies the allegations in paragraph 77 of the Complaint.

### VI.
### ANSWER TO DAMAGES

78.     The allegations of paragraph 78 of the Complaint reference written documents, which are evidence of their contents; MasTec denies the allegations of paragraph 78 of the Complaint to the extent that the allegations contradict the contents of those written documents as the documents speak for itself. MasTec denies the remaining allegations in paragraph 78 of the Complaint.

79.     MasTec denies the allegations in paragraph 79 of the Complaint.

80.     MasTec denies the allegations in paragraph 80 of the Complaint.

81.     MasTec denies the allegations in paragraph 81 of the Complaint.

82.    MasTec denies the allegations in paragraph 82 of the Complaint.

83.    MasTec denies the allegations in paragraph 83 of the Complaint.

84.    MasTec denies the allegations in paragraph 84 of the Complaint.

## VIII.
## ANSWER TO ATTORNEYS' FEES

85.    Paragraph 85 of the Complaint does not contain factual allegations requiring an admission or denial. MasTec incorporates by reference the preceding paragraphs of its Answer to the Complaint.

86.    MasTec admits that Ascend seeks attorney's fees, costs, and expenses but denies that Ascend is entitled to any such relief.

## VIII.
## ANSWER TO CONDITIONS PRECEDENT

87.    MasTec denies the allegations in paragraph 87 of the Complaint.

## IV.
## PRAYER FOR RELIEF

88.    The Complaint contains a request for relief to which no response is required. MasTec nevertheless denies that Ascend is entitled to any such relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that MasTec bears any burden as to any of them, MasTec hereby asserts the following affirmative and other defenses. MasTec incorporates the facts and allegations in its Answer and Affirmative Defenses into each of its affirmative and other defenses. MasTec reserves the right to assert additional affirmative and other defenses and/or amend or modify the existing defenses, or assert any claims, cross-claims, or counterclaims, as warranted or may become available or

17

apparent through discovery and pretrial proceedings in this case.

1.      The Complaint and each and every claim for relief alleged therein fail to state facts sufficient to constitute a claim for relief against MasTec.

2.      Ascend's claims are barred, in whole or part, due to its prior material breach(es) of contract.

3.      Ascend's claims are barred, in whole or in part, because MasTec substantially performed the EPC Contract.

4.      In the alternative, MasTec pleads impossibility or impracticability of performance.

5.      Ascend's claims are barred, in whole or in part, by accord and satisfaction.

6.      Ascend's claims are barred, in whole or in part, because Ascend has failed to perform all conditions precedent.

7.      Ascend's claims are barred, in whole or in part, because MasTec's actions were justified or excused.

8.      Ascend's claims are barred, in whole or in part, by the doctrines of waiver, release, modification, and ratification.

9.      Ascend's claims are barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, quasi estoppel, equitable estoppel, promissory estoppel, and estoppel by contract.

10.     Ascend's claims are barred, in whole or in part, due to time extensions MasTec is entitled to under the EPC Contract.

11.     MasTec asserts that the Interim Lien and Claim Waivers submitted in accordance with the EPC Contract are illegal or otherwise unenforceable as stated.

18

12.    Ascend's negligent misrepresentations claims are barred, in whole or in part, due to the economic loss doctrine.

13.    To the extent that Ascend suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than MasTec and for which MasTec was and is not responsible.

14.    To the extent that Ascend suffered any damages, Ascend's claims are barred, in whole or in part, because Ascend did not reasonably mitigate such damages.

15.    MasTec is entitled to offset, credit, setoff, and recoupment against any amount of damages owed to Ascend, based on the allegations and claims in MasTec's counterclaim.

16.    MasTec claims all available defenses contained within the EPC Contract and any respective appendices, addenda, amendments, and change orders, including, but not limited to, their respective limitation-of-liability provisions.

17.    MasTec claims all facts, assertions, and claims contained in the Counterclaim.

### ORIGINAL COUNTERCLAIM[1]

MasTec files this Original Counterclaim against Ascend, and in support thereof, would respectfully show this Court as follows:

---

[1] This counterclaim is filed subject to the Court's approval of MasTec's and Ascend's mutual agreement, in principle, to realign the parties such that MasTec will become the Plaintiff/Counter-Defendant and Ascend will become the Defendant/Counter-Plaintiff.  To the extend this Court does not grant the parties' requested relief or if Ascend does not agree to realignment, MasTec files this Counterclaim for the purpose of not waiving the claims contained herein but reserves its right to litigate such claims in its state court action currently pending at Cause No. 2022-74444; *MasTec Power Corp. v. Ascend Performance Materials Operations LLC*, in the 80th Judicial District Court of Harris County, Texas.

## FACTS

**A. Project Background**

1.      Ascend (as owner) and MasTec (as contractor) agreed to a Lump Sum Turnkey Agreement for the Engineering, Procurement and Construction of the Ascend Cogeneration Facility (the "Contract") for the engineering, procurement, construction, pre-commissioning, commissioning, start-up, and testing of a turnkey cogeneration steam power plant (the "Facility") with a nominal generating capacity of ninety-six (96) MW in Decatur, Alabama (the "Project").

2.      The Contract (dated December 2, 2019) provided that Substantial Completion be achieved by October 1, 2021, except as adjusted by change order. EPC Contract at §5.3, It also contained force majeure provisions which provided that Ascend would be obligated to adjust the Contract price and schedule in the event of an epidemic, other act of God, or changes in law, among other events. EPC Contract at §§ 1.1, 6.7A.

**B. COVID-19 Pandemic Substantially Impacts Project**

3.      The Contract was in place for only a few months before the COVID-19 pandemic struck. On March 3, 2020, MasTec immediately notified Ascend of a force majeure event and the potential for impacts related to the outbreak. As MasTec predicted, the pandemic impacted the Project in the same substantial way that it would impact many similar construction projects across the country.

4.      Namely, MasTec's engineering efforts were delayed; procurement was affected by supply chain disruptions and price increases; construction was affected by higher absenteeism, labor turnover, and other pandemic-caused inefficiencies; and start-up of the Facility was affected by the inability to have equipment specialists travel

20

to the site. These systemic impacts were caused by, among other factors, preventative health and safety measures, worker and public responses to the pandemic, illness, the threat of illness, social distancing requirements, management of new pandemic safety and health protocols, and travel restrictions. MasTec notified Ascend of these impacts in accordance with the Contract.

5.      In order to account for these impacts, MasTec sought a change order requesting cost and schedule relief. This claim was set out in Change Order 29, backed by a 32-page report and thirty-seven exhibits. As set forth in Change Order 29, MasTec is entitled under the Contract to at least $14,528,437 in cost impacts and 62 days of time impacts related to critical-path delay. But Ascend denied MasTec's request for change order (both for time and money) whole-cloth, as if the COVID-19 pandemic never happened.

**C. MasTec Timely Met Substantial Completion**

6.      Despite the significant challenges that COVID-19 posed, MasTec properly and timely performed its work, building a cogeneration steam power plant in accordance with Ascend's specifications. MasTec achieved Substantial Completion in December 2021.

7.      MasTec turned the Facility over to Ascend, including its operations and occupancy. Ascend began using the Facility for its intended purpose—namely, to generate steam and electricity. The Facility met availability test standards set out in the Contract. And, despite there being turndown events, Ascend has continuously operated the Facility for its intended purpose.

21

8. Like other large industrial facilities being started up for the first time, there have been discrete equipment warranty claims made during the warranty period respecting the Facility. MasTec has responsibly and proactively managed each of these claims in accordance with the Contract by managing its vendors' performances of required warranty work and, where needed, self-performing such work.

**D. Ascend Refuses to Pay Amounts Owed to MasTec**

9. Today, the Facility has been operating for over two years. It prevented collapse of Ascend's manufacturing capability when Ascend's existing steam generation capabilities experienced performance problems. And Ascend continues to occupy and utilize the Facility for its intended purpose—the daily generation of steam and electricity to support its manufacturing operation.

10. Still, Ascend continues to wrongfully withhold more than $24 million in money owed to MasTec. This includes more than $14.5 million in payment for COVID-19 impacts and other change orders owed to MasTec, payment for approximately $2.8 million in milestones and pay applications met by MasTec, and approximately $6.8 million in retainage that remains unpaid. Consequently, MasTec seeks relief from this Court.

## CAUSES OF ACTION

### Breach of Contract

11. MasTec incorporates by reference the preceding paragraphs.

12. MasTec sues Ascend for breach of contract. The Contract is a valid, enforceable contract. In consideration of the services and materials that MasTec provided for the engineering, procurement, construction, pre-commissioning,

22

commissioning, start-up, and testing of the Facility, Ascend promised and became liable to pay MasTec the negotiated price for MasTec's work, including pursuant to the Contract and change orders requested under the Contract.

13.     MasTec fully performed, or alternatively substantially performed, its contractual obligations, and all conditions precedent have been fully performed, satisfied, excused, and/or waived. Ascend has failed and refused to pay the amounts owed to MasTec for labor, equipment, materials and services MasTec furnished for the Project under the Contract; Ascend has therefore materially breached its contractual obligations to MasTec by wrongfully failing to pay such amounts. Ascend's breaches are the proximate cause of MasTec's damages in the amount of approximately $2.8 million in milestones and pay applications met by MasTec, approximately $6.8 million in retainage and at least $14.5 million in payment for COVID-19 impacts and other change orders.

## Quantum Meruit

14.     MasTec incorporates by reference the preceding paragraphs and pleads this claim in the alternative.

15.     MasTec provided—and Ascend accepted—valuable services and materials for the benefit of Ascend. Ascend had reasonable notice that MasTec expected compensation for such services and materials. Accordingly, MasTec is entitled to recover such compensation in the sum of at approximately $24 million in addition to all interest, attorneys' fees and costs allowed by applicable law.

23

## Unjust Enrichment

16.     MasTec incorporates by reference the preceding paragraphs and pleads this claim in the alternative.

17.     Ascend has wrongfully secured numerous benefits or has otherwise received such benefits which would be unconscionable for it to retain. Such benefits include MasTec's labor and materials that MasTec provided for the engineering, procurement, construction, pre-commissioning, commissioning, start-up, and testing of the Facility. These benefits were obtained by the taking of an undue advantage. Ascend is obligated to restore the benefits to MasTec but has not yet done so.

## ATTORNEYS' FEES

18.     As a result of Ascend's failures to pay in accordance with the Contract, MasTec has been forced to retain the undersigned counsel. MasTec therefore asks this Court to award its reasonable and necessary attorney's fees and costs.

## CONDITIONS PRECEDENT

19.     Any and all conditions precedent to MasTec's successful assertion of these causes of action and any damages arising thereunder have been completely performed, satisfied, excused, and/or waived.

## JURY DEMAND

20.   MasTec hereby demands a jury trial on all triable issues.

## PRAYER

MasTec respectfully requests that Ascend take nothing by its claims and causes of action against MasTec and that MasTec would have judgment on the grounds and causes of actions as stated, for the following:

24

(a)     Actual damages;

(b)     Reasonable and necessary attorneys' fees and costs, with additional contingent amounts in the event of an appellate action;

(c)     Costs of suit and collection of judgment;

(d)     Pre-judgment and post-judgment interest at the highest level or contractual rate allowed by law; and

(e)     Such other and further relief, at law and in equity, to which MasTec may be justly entitled.

Dated: August 5, 2024

                              Respectfully submitted,

                              By:   _/s/ William K. Andrews_____
                                       WILLIAM K. ANDREWS
                                       Federal ID 5471
                                       State Bar No. 01252100
                                       wandrews@andrewsmyers.com
                                       **ANDREWS MYERS, P.C.**
                                       1885 Saint James Place, 15th Floor
                                       Houston, Texas 77056
                                       (713) 850-4200: Telephone
                                       (713) 850-4211: Facsimile

                                       **ATTORNEY-IN-CHARGE FOR MASTEC INDUSTRIAL CORP. f/k/a MASTEC POWER CORP.**

**OF COUNSEL**
ANDREW J. CLARK
Federal ID 2996672
State Bar No. 24101624
aclark@andrewsmyers.com
PAUL J. GOLDENBERG
Federal ID 28608
State Bar No. 24025382
pgoldenberg@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 St. James Place, Suite 1500
Houston, Texas 77056
Telephone: (713) 850-4200
Facsimile: (713) 850-4211

25

ELINOR C. SUTTON
State Bar No. 24129804
elinorsutton@quinnemanuel.com
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
3100 McKinnon St., Suite 1125
Dallas, Texas 75201
Telephone: (469) 902-3600
Facsimile: (469) 902-3610

KATHRYN HUTCHINS
Federal ID 3708790
State Bar No. 24127427
kathrynhutchins@quinnemanuel.com
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
700 Louisiana, Suite 3900
Houston, Texas 77002
Telephone: (713) 221–7000
Facsimile: (713) 221–7100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2024, a true and correct copy of this document was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above captioned case.

*/s/ William K. Andrews*
WILLIAM K. ANDREWS